## No. 1081.

### A. V. WITKOWSKI AND HUSBAND VS. W. W. BRADLEY, SHERIFF, ET AL.

Where a parish has levied an annual tax of ten mills on the dollar, it is without authority to levy an additional tax to pay a judgment against the parish, when it is not shown that the judgment was founded on a contract. The restriction on the taxing power contained in Act 209 of the State Constitution must be enforced in all cases where it does not contravene the inhibitions of the federal Constitution.

APPEAL from the Sixth District Court, Parish of West Carroll. *Brigham*, J.

---

*S. T. Baird* for Plaintiff and Appellee.

---

The opinion of the Court was delivered by

TODD, J. The plaintiff resists by injunction the collection of a parish tax, imposed by an ordinance of the Police Jury of West Carroll, on the ground that the ordinance in question was unconstitutional and void.

From a judgment in favor of plaintiff, declaring the tax illegal and the ordinance null, the parish has appealed.

The said ordinance was passed on the 8th of July, 1882, providing for the levying of a tax of five mills on the dollar to pay a judgment against the parish, rendered by this Court at its last term at this place (June, 1882) for $500, in favor of Mrs. E. Gaddis, in a suit entitled Parish of West Carroll vs. Mrs. E. Gaddis et al.

The ground of resistance to the tax is, that before the passage of the ordinance imposing this tax, the parish had already levied an annual tax of ten mills on the dollar, and under the constitutional limitation

was absolutely without authority to impose the additional tax for the aforesaid purpose.

These facts, which are set forth in the petition, are admitted by the defendants. There is no claim set up by the pleadings and no pretense, in fact, that the judgment, to pay which the tax was being collected, was founded on a contract, and protected from impairment by the Constitution of the United States. Under these circumstances, there existed no cause whatsoever to affect or impair that prohibitive clause in Article 209 of the present State Constitution, which declares that "no parish or municipal tax for all purposes shall exceed ten mills on the dollar of valuation,"—a prohibition which is again repeated in Act 78 of 1880, and the observance of which, by the terms of the Act, is specially enjoined on Police Juries and all other authorities empowered to impose or levy taxes.

This absolute and mandatory limitation on the taxing power is binding upon every department of the State government, and upon all local or subordinate governments deriving their authority from the State, and upon all public officers, and must be sacredly observed and enforced, save and except in such cases only where it is found to contravene the paramount law of the land and the restrictions imposed by that law upon the power of the States.

Viewed in this light, the ordinance in question and the tax sought to be collected under it were unconstitutional and illegal, null and void. See case of State ex rel. Folsom Bros. vs. Mayor of New Orleans, 32 An. 709.

The judgment appealed from is, therefore, affirmed with costs.